IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARION STARKS, | ) No. C 09-6072 MMC (PR) |
| Plaintiff, | ) **ORDER OF DISMISSAL;** |
| v. | ) **DIRECTIONS TO CLERK** |
| ROWLAND LEVY, | ) |
| Defendant. | ) |
| _____ ) | |

On December 30, 2009, plaintiff, a California prisoner incarcerated at the San Francisco County Jail and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983. By separate order filed concurrently herewith, plaintiff has been granted leave to proceed in forma pauperis.

Plaintiff alleges that in 1996 Rowland Levy, a psychologist appointed to examine plaintiff in connection with criminal proceedings then pending against plaintiff for burglary, prepared inaccurate reports for the trial, resulting in plaintiff's unlawful conviction. Plaintiff seeks monetary damages and the reversal of the conviction.

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v.

1 Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

2 Duplicative or repetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. § 1915 as malicious. See Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988).[1]  Further, district courts retain broad discretion to control their dockets, which includes the dismissal of duplicative later-filed actions. See Adams v. California, 487 F.3d 684, 688, 692-94 (9th Cir. 2007).  To determine whether a suit is duplicative, and thus subject to dismissal, the court examines "whether the causes of action and relief sought, as well as the parties or privies to the action, are the same."  Id. at 689.

In the instant action, plaintiff raises the identical claim for damages that he raised in a previous action filed in this court, Starks v. San Francisco Police Dep't, et al., No. C 06-1877 MMC (PR).  That action was dismissed on December 18, 2008, when the Court determined that all of plaintiff's claims therein, including the damages claim against Rowland Levy, were barred by the applicable statute of limitations.  Further, the Court dismissed the damages claims because plaintiff's conviction had not been reversed or otherwise found invalid and, consequently, they were barred by the case of Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), which holds that in order to state a claim for damages for an allegedly unconstitutional conviction or term of imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff asserting a violation of 42 U.S.C. § 1983 must prove that the conviction or sentence has been reversed or declared invalid. (Order of Dismissal, filed Dec. 18, 2008 (Docket No. 4) at 2:9-4:8.)  As the claim plaintiff asserts against Rowland Levy herein is identical to the claim previously dismissed by the Court, the instant claim will be dismissed with prejudice as duplicative.

Additionally, plaintiff's claim for reversal of the conviction is subject to dismissal because such claim must be raised by way of a petition for a writ of habeas corpus.  See

---

[1] When Bailey addressed the court's authority to dismiss a "frivolous or malicious" action prior to service, it did so under the in forma pauperis statute, 28 U.S.C. § 1915(d), which subsequently was codified at 28 U.S.C. § 1915(e) by the Prison Litigation Reform Act of 1995.  Section 1915A, which applies to any civil action filed by a prisoner, similarly mandates that the court dismiss such action prior to service if the court determines the action is "frivolous or malicious."

United States District Court
For the Northern District of California

Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (holding any claim by prisoner attacking fact or duration of custody must be brought by way of petition for writ of habeas corpus). Accordingly, plaintiff's claim for habeas relief will be dismissed without prejudice to plaintiff's bringing his claim in a petition for a writ of habeas corpus. See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995).[2]

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's claim for damages is hereby DISMISSED with prejudice as duplicative, pursuant to 28 U.S.C. § 1915A(b).

2. Plaintiff's claim for habeas relief is hereby DISMISSED without prejudice to plaintiff's bringing his claim in a petition for a writ of habeas corpus.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: January 21, 2010

MAXINE M. CHESNEY
United States District Judge

---

[2] Plaintiff currently has pending in this court a habeas petition in which he appears to be challenging the validity of his current custody as the result of the revocation of his probation stemming from the 1996 conviction. See Starks v. Hennessey, No. C 09-6073 MMC (PR).

3